## KULDELL v. COMMISSIONER OF INTERNAL REVENUE (two cases).*

### Nos. 8504, 8505.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1938.

*Rehearing denied Aug. 31, 1938.

Walter E. Barton, of Washington, D. C., for petitioners.

Robert N. Anderson and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John E. Marshall, Sp. Atty., both of Washington, D. C., Bureau of Internal Revenue, for respondents.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

These cases were tried together and may be disposed of by one opinion. Petitioners, husband and wife, are citizens of Texas and made separate returns for the community income taxes for 1930. They claimed a community loss of $36,223.33, resulting from the sale of certain securities to the Mount Rose Co. of Houston, Texas. The Commissioner held the securities were transferred in exchange for the capital stock of the Mount Rose Co., within the meaning of Section 112(b) (5) of the Revenue Act of 1928, 26 U.S.C.A. § 112(b) (5). He disallowed the deduction and determined deficiencies of $4137.67 and $4155.11 respectively. The Board of Tax Appeals affirmed. 34 B.T.A. 1116. We may refer to the opinion of the Board for the facts in detail, which are somewhat complicated, stating only the ultimate material facts relative to the transaction, which are as follows:

In May, 1930 Kuldell organized the Mount Rose Co. with a capital stock of 100 shares of par value of $100. He subscribed to 50 shares, his wife to 49 shares and 1 share for organization purposes was put in the name of J. L. Block. Kuldell became president and Block secretary-treasurer of the corporation. Kuldell delivered certain securities owned by him to the Houston Land & Trust Co. with instructions to sell them for his account at the market prices and buy them at the same prices for the Mount Rose Co. The transaction was carried through on June 5, 1930 and a check for $473,417.65 was given to Kuldell. He deposited this check to his own account in the First National Bank of Houston and gave his check for $463,417.65 to the Mount Rose Co., which check and a check for $10,000, previously

given to it by Kuldell, were deposited with the First National Bank of Houston to open an account. The Mount Rose Co. then issued two checks aggregating $473,-000 and delivered them to the Houston Land & Trust Co., in payment for the securities, at the same time setting up an entry on its books of $463,417.65 as capital surplus. The securities sold by Kuldell had cost him $505,613.86 and the prices at which they were sold were fair market value. Had the transaction been bona fide it would have shown a loss to petitioners of $32,196.19. The Mount Rose Co. had broad powers under the charter to act as trustee, borrow and lend money and deal in securities. It is not shown it ever did any business. The payment for the securities left it entirely without cash. It was subsequently dissolved and its assets distributed to the stockholders.

It would appear from the opinion of the Board that Kuldell acted on the advice of an accountant and organized the Mount Rose Co. largely for the purpose of facilitating the keeping of his own books. And it may be assumed he was in good faith in thinking he could take his loss resulting from depreciation of his securities by transferring them as above indicated. However, it is apparent that no change was made in the true ownership of the securities and after the transaction was accomplished petitioners were in full control of the Mount Rose Co., owning more than 80 per cent of its stock. The transaction was an exchange of securities and not a sale. Under the provisions of Section 112 (b) (5) of the Revenue Act of 1928, which governs, no deductible loss resulted. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355.

The judgments of the Board are affirmed.